## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                            Criminal No. 07-244 (DWF)

                Plaintiff,

v.                                                                                      **MEMORANDUM**
                                                                                        **AND ORDER**
Brian Lee Pfeiffer,

                Defendant.

This matter is before the Court on Defendant Brian Lee Pfeiffer's request for compassionate release.  (Doc. No. 64.)  For the reasons discussed below, the Court denies Pfeiffer's request.

## BACKGROUND

Pfeiffer was charged with six counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (b), and (e).  (Doc. No. 31.)  Pfeiffer pled guilty on November 8, 2007 to Count 3 of the Superseding Indictment:  Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e).  (Doc. Nos. 35, 36.)  Pfeiffer was sentenced on May 19, 2008 to 198 months' imprisonment and 3 years' supervised release.  (Doc. Nos. 48, 62.)  Pfeiffer appealed, arguing that his sentence was substantively unreasonable.  *United States v. Pfeiffer*, 309 Fed. Appx. 77 (8th Cir. 2009) (per curiam).  The Eighth Circuit affirmed Pfeiffer's sentence.  *Id.*

Pfeiffer is presently incarcerated at FCI Sandstone in Sandstone, Minnesota with an expected release date of June 3, 2022.  Federal Bureau of Prisons, Inmate Locator,

*https://www.bop.gov/inmateloc/* (last visited Dec. 16, 2020).  FCI Sandstone reports 212

active COVID-19 cases among inmates and 17 among staff, and 331 inmates and 1 staff

have recovered from COVID-19.  Federal Bureau of Prisons, COVID-19: Coronavirus,

*https://www.bop.gov/coronavirus/* (last visited Dec. 16, 2020).  There have been zero

inmate or staff deaths from COVID-19 at FCI Sandstone.  *Id.*  To date, the BOP has

tested 722 inmates at FCI Sandstone, with 543 positive tests.  *Id.*

Pfeiffer moves for compassionate release due to his high blood pressure, an

enlarged heart muscle/left ventricular hypertrophy ("LVH"), and being 55 years old.

Pfeiffer has served approximately 148 months of his sentence.  The Government opposes

Pfeiffer's motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment

if it finds "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Such

"extraordinary and compelling reasons" include (1) medical conditions which diminish

the ability of the defendant to provide self-care in prison and from which he or she is not

expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other

extraordinary and compelling reasons that exist either separately or in combination with

the previously described categories.  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  The Court must

also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they

are applicable."  18 U.S.C. § 3582(c)(1)(A).

Pfeiffer is 55 years old with LVH and hypertension.  LVH is an "enlargement and

thickening (hypertrophy) of the walls of your heart's main pumping chamber (left

2

ventricle).  The thickened heart wall loses elasticity, leading to increased pressure to allow the heart to fill its pumping chamber to send blood to the rest of the body."  Mayo Clinic, Left ventricular hypertrophy, https://www.mayoclinic.org/diseases-conditions/left-ventricular-hypertrophy/symptoms-causes/syc-20374314 (last accessed Dec. 16, 2020).  It is "more common in people who have uncontrolled high blood pressure," and "treating high blood pressure can help ease your symptoms and may reverse left ventricular hypertrophy."  *Id.*  The CDC does not list LVH as a risk factor with respect to COVID-19, but it does list "[h]eart conditions, such as heart failure, coronary artery disease, or cardiomyopathies."  Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 16, 2020).  Like LVH, cardiomyopathy is "a disease of the heart muscle that makes it harder for your heart to pump blood to the rest of your body."  Mayo Clinic, Cardiomyopathy, https://www.mayoclinic.org/diseases-conditions/cardiomyopathy/symptoms-causes/syc-20370709 (last accessed Dec. 16, 2020).  Unlike the hypertrophy caused by LVH, hypertrophic cardiomyopathy is generally genetic as "[m]ost affected people have a family history of the disease."  *Id.*  Pfeiffer's hypertension, which often accompanies LVH, is specifically listed as a factor that might increase a person's risk for severe illness should they contract the COVID-19 virus.  Coronavirus Disease: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

In May 2020, Pfeiffer's blood pressure was elevated while taking only hydrochlorothiazide, so he was started on lisinopril as well. (Doc. No. 64-1 at 9.) Pfeiffer's blood pressure has improved as a result of this pairing of medications. (*Id.* at 3-4; Doc. No. 69-1 at 5, 17.) While the Court appreciates Pfeiffer's concerns related to the interplay of his LVH and hypertension with possible COVID-19 exposure and contraction, Pfeiffer and his medical providers are taking appropriate steps to treat Pfeiffer's hypertension which in turn alleviates his LVH. Thus, the Court concludes Pfeiffer's ailments do not constitute a medical condition that diminishes his ability to provide self-care in the prison context. Pfeiffer has not shown an extraordinary and compelling reason to justify a reduction in sentence.

Even if Pfeiffer's medical condition were an extraordinary and compelling reason warranting a reduction in sentence, the Court would find the general sentencing factors in § 3553(a) preclude a reduction in sentence. Pfeiffer has made the most of his incarceration, completing a significant amount of coursework and programming, and the BOP rates him the lowest level for security and recidivism risk. (*See* Doc. No. 64 at 3; Doc. No. 64-1 at 13–14; Doc. No. 70 at 4-5.) This is commendable. But Pfeiffer continues to minimize his conduct by referring to it as "one bad moment," blame external forces, and challenge the credibility of child victims. (*See* Doc. No. 70 at 2–4.) This creates a disconnect between the objective seriousness of the offense and Pfeiffer's consideration of the same. 18 U.S.C. § 3553(a)(2)(A). It also raises concerns of protecting the public from further crimes. *Id.* § 3553(a)(2)(C). Accordingly, after careful

consideration, the Court concludes the § 3553(a) factors weigh against granting Pfeiffer's request.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Brian Lee Pfeiffer's request for compassionate release (Doc. No. [64]) is respectfully **DENIED**.

Date:  December 18, 2020

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge
